OPINION OF THE COURT
Bernard Fuchs, J.
Two counterclaims for breach of warranty of habitability have been severed from a summary nonpayment proceeding in *889 Housing Part to stand as an independent action. Landlord moves under CPLR 3211 (subd [a], par 7) to dismiss the resulting complaint for failure to state a cause of action. Although addressed generally to the complaint, the motion, in fact, attacks only the first of the two former counterclaims.
The allegations challenged for insufficiency are that landlord’s "failure to make necessary repairs caused plaintiff inconvenience and annoyance and has had an adverse impact on her life”. A list of tenant’s long-standing complaints is pleaded, including such items as multiple roof leaks, rodents and other vermin, broken and leaking pipes and continuous lack of heat for 50 winter days. Landlord argues that "there is no remedy for mere inconvenience, annoyance or adverse impact upon one’s life”.
Under section 235-b of the Real Property Law the landlord of residential premises is "deemed to covenant and warrant that * * * occupants of such premises shall not be subjected to any conditions which would be * * * detrimental to their life”. The statute thus writes into every rental agreement, oral or written, a quasi-contractual obligation to perform in accordance with its terms. The question is whether a breach of those terms is sufficiently alleged.
No court appears to have decided whether the statute provides redress for inconvenience, annoyance or "adverse impact” on life. Inconvenience and annoyance, however, may logically be elements of the claimed "adverse impact”. And a pleading of "adverse impact on her life” although not the statutory language in haec verba is substantially equivalent in meaning to the statutory phrase "conditions * * * detrimental to their life.”
In Park West Mgt. Corp. v Mitchell (62 AD2d 291, 297, affd 47 NY2d 316), the Appellate Division observed that, the tenants’ case "will often require testimony * * * as to the impact of the conditions described on their daily living.” The Court of Appeals added that difficulty or impossibility of determining precisely the damages from the impact "does not insulate the landlord from liability”. (Park West Mgt. Corp. v Mitchell, 47 NY2d, at p 329.)
It is not necessary to determine whether allegations of inconvenience or annoyance or both would be sufficient without the addition of adverse impact on, or detriment to, life because the motion attacks the pleading (of the combined elements) as a whole. (Rosenblatt v Birnbaum, 16 NY2d 212; *890 Foley v D'Agostino, 21 AD2d 60; and see Committee for Preservation of Fresh Meadows v Fresh Meadows Assoc., 71 AD2d 664.) Neither is it necessary to decide what degree of inconvenience, annoyance or detriment will justify more than nominal recovery. That determination may well be influenced, however, by the statutory placement of "conditions * * * detrimental to * * * life” in a series which includes dangerous and hazardous conditions.
Other cases cited by counsel are not in point. None of them involves an obligation, consensual or statutory, comparable to the warranty of habitability.
Motion denied.