(April 15, 1991)

■ GERALD BILOTTO et al., Respondents, v MICHAEL WEBBER, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Westchester County (Bowers, J.H.O.), entered August 1, 1989, which, after a nonjury trial, is in favor of the plaintiffs and against him in the principal sum of $31,600.

Ordered that the judgment is affirmed, with costs.

In June 1986 the defendant, a general contractor, entered into a contract with the plaintiffs to construct a single-family house on their property. The contract provided that there would be substantial completion of the construction by December 21, 1986, and that time was of the essence. The house was not completed by that date, and by letter dated March 17, 1987, the plaintiffs terminated the contract.

The trial court properly found that the plaintiffs were entitled to terminate the contract because of the defendant's breach (see, Zev v Merman, 73 NY2d 781; cf., Young v Whitney, 111 AD2d 1013). By the completion date, there was only a partial foundation, partial roof, and no inside work done, such as the electrical wiring or the installation of plumbing fixtures. The defendant's contention that the delay was caused by the weather conditions and the existence of a "rock ledge" on the property is unavailing. There is no support in the record for the claimed adverse weather conditions, and the defendant admitted that he was aware of the "rock ledge" before the contract was executed.

In addition, there is no basis to disturb the trial court's determination, based on the testimony of the plaintiffs' expert (see, Epstein v State of New York, 124 AD2d 544, 548), that the defendant was also in breach of the contract because of his defective workmanship. The plaintiffs' expert testified that the window openings were improperly sized; the structure was improperly reinforced, the support columns in the basement were improperly cut and placed, the I beams were improperly placed, steel support beams were improperly secured, and structural supports were improperly installed, causing the Building Department to issue a Stop Work Order. He also testified that headers were not installed, and "two-by-fours" were improperly used. In fact, the defendant admitted that the "two-by-fours" were inadequate.

Finally, the trial court's award of damages in this case was proper (see, Bellizzi v Huntley Estates, 3 NY2d 112; Annotation, Cost of Correction or Completion or Difference in Value,

*as Measure of Damages for Breach of Construction Contract,*
76 ALR2d 805, 810). Sullivan, J. P., Lawrence, Eiber and
Ritter, JJ., concur.