■ NEW DAY BUILDERS, INC., Appellant, v SJC REALTY et al., Respondents. [631 NYS2d 707] —In an action, *inter alia*, to foreclose on a mechanic's lien, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered August 11, 1993, which, after a nonjury trial, dismissed the complaint, vacated a notice of lien filed by the plaintiff on September 14, 1987, and awarded the defendants damages on their first and second counterclaims in the principal sums of $55,410.88 and $53,876.88, respectively.

Ordered that the judgment is affirmed, with costs.

On July 3, 1986, the defendants, the owners of a lot located in Copiague, and the plaintiff builder entered into a contract for the construction of an industrial building on the lot. The contract price was $451,200. The builder complained of slow payment and nonpayment, and on September 14, 1987, the builder stopped work. The defendants had paid $287,021 of the contract price. The builder filed a notice of pendency for the foreclosure of a mechanic's lien in the amount of $181,250. On December 1, 1987, the defendants' attorney sent a letter to the builder indicating that the defendants were terminating the contract.

The builder commenced this action to foreclose on the mechanic's lien; the complaint was amended at trial to include a cause of action to recover damages for breach of contract. The defendants counterclaimed to recover damages for breach of contract and to recover damages due to the builder's willful exaggeration of the amount of the mechanic's lien.

After a nonjury trial, the Supreme Court properly vacated the builder's mechanic's lien and dismissed the builder's breach

of contract claim on the court's findings that the builder did not terminate the contract and, due to the aggregate of the defects and the incompleteness of performance, had not substantially performed (see, McGrath v Horgan, 72 App Div 152; Pilgrim Homes & Garages v Fiore, 75 AD2d 846).

The Supreme Court properly awarded the defendants $55,410.88 on their breach of contract claim by awarding them the difference between the estimated cost of completion and the amount unpaid under the contract. Further, contrary to the builder's contention, that amount was not in excess of the defendants' ad damnum clause.

The Supreme Court discredited the builder's testimony as to $53,876.88 of extra work he allegedly performed and credited the testimony of defense witnesses that such work was never authorized. The Supreme Court had the advantage of seeing and hearing the witnesses and, on the record before this Court, its determination of credibility should not be disturbed (see, Majauskas v Majauskas, 61 NY2d 481, 493-494; Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499; Benedict v Seasille Equities Corp., 190 AD2d 649; Matter of Gilzinger v Stern, 186 AD2d 652). The Supreme Court properly found that the credible evidence established not a mere "difference of opinion" between the builder and the defendants, but rather it established that the builder had willfully exaggerated the amount of his mechanic's lien within the meaning of Lien Law §§ 39 and 39-a (see, Goodman v Del-Sa-Co Foods, 15 NY2d 191; A & E Plumbing v Budoff, 66 AD2d 455).

We have examined the builder's remaining contentions and find them to be without merit. Mangano, P. J., Joy, Krausman and Florio, JJ., concur.