■ In the Matter of NOSTRAND GARDENS CO-OP, Appellant, v PAULINE HOWARD et al., Respondents. [634 NYS2d 505] —In a summary proceeding to recover possession of real property and rent arrears, the petitioner landlord appeals, by permission, on

the ground of inadequacy, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated October 29, 1993, affirming a judgment of the Civil Court, Kings County (Knipel, J.), dated April 15, 1992, which after a nonjury trial finding that it had breached the warranty of habitability and that the respondents were entitled to a 50% abatement of the rent, is in its favor and against the respondents in the principal sum of only $1,351.04.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contention there is sufficient evidence in the record to sustain the trial court's determination that it breached the warranty of habitability by depriving the respondents of the quiet enjoyment of their apartment. The record reveals that there was excessive noise emanating from an apartment that neighbored the respondents' apartment through the late night and early morning hours *(see, Sutton Fifty-Six Co. v Garrison,* 93 AD2d 720) and that the petitioner, despite having ample notice, failed to take any effective steps to abate the nuisance *(see, Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, *cert denied* 444 US 992; *Cohen v Werner,* 82 Misc 2d 295, *affd* 85 Misc 2d 341).

One of the remedies that is available to a tenant for a landlord's violation of the warranty of habitability is an abatement of the rent, and the proper measure of damages is the difference between the fair market value of the premises if they had been as warranted and the value of the premises during the period of the breach *(see, Park W. Mgt. Corp. v Mitchell, supra).* In this case, the respondents produced evidence regarding the nature, scope, and duration of the breach and the effectiveness of measures that were taken by the landlord to abate the nuisance. Therefore, the trial court had a sufficient basis upon which to determine the appropriate measure of damages. Accordingly, we find that the trial court did not improvidently exercise its discretion by finding that the respondents were entitled to a 50% abatement of the rent *(see, Park W. Mgt. Corp. v Mitchell, supra; Ocean Rock Assocs. v Cruz,* 66 AD2d 878; *McGuiness v Jakubiak,* 106 Misc 2d 317; *Sargent Realty Corp. v Vizzini,* 101 Misc 2d 763; *Bernstein v Barrett,* 101 Misc 2d 611; *Kalikow Props. v Modny,* NYLJ, May 2, 1978, at 5, col 1).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.