OPINION OF THE COURT
Thomas A. Dickerson, J.
The plaintiff, Janet L. Benitez (Benitez), is a tenant, pursuant to a lease, in the basement apartment in a building located *968 at 150 Livingston Avenue, Yonkers, New York, of which the defendant, Sebastiano Restifo (Restifo), is the landlord.

The Flood From Above

On August 10, 1995 a large quantity of water cascaded from the ceiling of the Benitez apartment causing severe water damage to a carpet, a bed, a bureau, clothing, a phone, a television and a compact disc player. As a consequence, Benitez replaced the carpet, bureau, mattress and some clothing. The source of the water was from a third floor apartment in which Mrs. Alamar was the tenant.

The Problem Tenant

On several prior occasions the Benitez apartment had been flooded by water emanating from Mrs. Alamar’s third floor apartment. According to the defendant, Mrs. Alamar was a problem tenant and would intentionally fill up her kitchen sink so that the water would overflow onto the kitchen floor. The water would then work its way down to the Benitez basement apartment.

The Landlord Chooses Not To Act

The defendant knew that his third floor tenant was responsible for several prior floods that had inundated the Benitez apartment. Yet he did nothing to have this patently disruptive tenant legally evicted. Mrs. Alamar presented a clear and present danger to the health and safety of the other tenants but the defendant chose not to act.
DISCUSSION
In this case the plaintiff seeks to recover monies expended in replacing her personal property (carpet, furniture, bedding and clothing), all of which suffered water damage. In this case the water came from a third floor apartment in which a tenant intentionally allowed water to overflow onto her kitchen floor.
Based upon a review of the facts the court finds that plaintiff has asserted the following causes of action: (1) breach of the covenant of quiet enjoyment and (2) breach of the warranty of habitability as set forth in Real Property Law § 235-b.

Water Damage Cases

Water damage caused by leaking ceilings and roofs has been the subject of considerable litigation between tenants and landlords (see, e.g., Frisch v Bellmarc Mgt., 190 AD2d 383 [1993] *969 [roof leaks]; Minjak Co. v Randolph, 140 AD2d 245 [1988] [40 separate leaks from health spa on floor above; damages included rent abatement, attorneys’ fees of $5,000 and punitive damages of $5,000]; Spatz v Axelrod Mgt. Co., 165 Misc 2d 759 [1995] [water damages to tenants’ apartments from defective spud and flush pipe in upstairs apartment]; McBride v 218 E. 70th St. Assocs., 102 Misc 2d 279 [1979] [eight separate floods]; Sargent Realty Corp. v Vizzini, 101 Misc 2d 763 [1979] [upstairs tenants cause four floods]).

Breach Of Covenant Of Quiet Enjoyment

Implicit in the lease agreement between the landlord and tenant was a covenant of quiet enjoyment which "is an agreement on the part of the landlord that for the period of the term of the lease the tenant shall not be disturbed in his quiet enjoyment of the leased premises” (2 Rasch, New York Landlord and Tenant — Summary Proceedings 27.1 [3d ed]). The breach of a covenant of quiet enjoyment requires actual or constructive eviction (2 Rasch, op. cit., §§ 28.1, 28.21). Constructive eviction arises when the landlord interferes with the tenant’s possession of the premises to such an extent that the tenant is deprived of its beneficial enjoyment (see, e.g., Minjak Co. v Randolph, supra [water damage and sandblasting; punitive damages]; Nostrand Gardens Coop. v Howard, 221 AD2d 637 [excessive noise deprived tenants of quiet enjoyment]; Yochim v McGrath, 165 Misc 2d 10 [1995]).
In this case it was the landlord’s inaction and unwillingness to evict the third floor tenant, Mrs. Alamar, which directly led to the most recent flooding of the plaintiff’s apartment. By failing to act the defendant condoned and impliedly authorized Mrs. Alamar to leave the water running in her apartment causing damage to plaintiff’s apartment below (74 NY Jur 2d, Landlord and Tenant, §§ 259-260, 265; Brauer v Kaufman, 72 Misc 2d 718, 721 [1972] ["It may well be that if a landlord by deliberate and affirmative action invites, encourages or permits lessees to engage in illegal and immoral conduct on the premises * * * result(s) in an endangerment to the life, health or safety of the other (tenants) * * * It should be on knowledge or upon a reckless disregard of the facts”]).
The defendant breached the covenant of quiet enjoyment in the lease agreement and is liable for all appropriate damages flowing therefrom.

*970
Real Property Law § 235-b

Real Property Law § 235-b (1) created, a statutorily mandated warranty of habitability in every residential lease ("covenant and warrant that the premises so * * * rented and all areas used * * * in common * * * are fit for human habitation * * * and that the occupant * * * shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety”) which cannot be waived by the tenant (Real Property Law § 235-b [2]).
It was the defendant’s responsibility to provide the plaintiff with a habitable apartment, free from water intrusion, and he failed to do so. The defendant has breached his warranty of habitability pursuant to Real Property Law § 235-b and is liable for all appropriate damages thereunder (see, e.g., Walling v Holman, 858 F2d 79 [2d Cir 1988], cert denied 489 US 1082 [1989] [water damage to floors recoverable]; Suarez v Rivercross Tenant’s Corp., 107 Misc 2d 135 [1981] ["The test is whether or not the defects * * * 'deprive(d) the tenant of those essential functions which a residence is expected to provide’ as viewed by the eyes of a reasonable person”]; Minjak Co. v Randolph, supra [water damage is a breach of warranty]; McGuiness v Jakubiak, 106 Misc 2d 317 [1980] [water on floor is a breach of warranty]; Kachian v Aronson, 123 Misc 2d 743 [1984] [tenants should be free of water intrusion; breach of warranty]; Spatz v Axelrod Mgt. Co., supra, 165 Misc 2d, at 764).
DAMAGES
This court finds the defendant liable for its breach of the covenant of quiet enjoyment and breach of the warranty of habitability as set forth in Real Property Law § 235-b. The court awards plaintiff the following damages.
First, the plaintiff shall recover the costs of repairing or replacing the damaged carpet, mattress, bureau, clothing and entertainment equipment which the court finds to be $500 (see, Walling v Holman, supra, 858 F2d, at 83; McGuiness v Jakubiak, supra, 106 Misc 2d, at 325; Spatz v Axelrod Mgt. Co., supra, 165 Misc 2d, at 765).
Second, the plaintiff shall recover $300 for her discomfort and the disruption to her life caused by the flooding and the breach of the covenant of quiet enjoyment (see, Blatt v Fishkin, 101 Misc 2d 888 [1979]; Goodman v Ramirez, 100 Misc 2d 881 [1979] [leaky toilets; $400 awarded for "disruption of daily living”]; Yochim v McGrath, supra, 165 Misc 2d, at 20 [$250 for discomfort and aggravation]).
*971 Third, the court finds that defendant knew that his third floor tenant was responsible for several prior floods which damaged the plaintiffs apartment. The defendant did nothing to remove his problem tenant and protect the plaintiff and other tenants. The court finds defendant’s conduct morally culpable (see, Walker v Sheldon, 10 NY2d 401 [1961]; I. H. P. Corp. v 210 Cent. Park S. Corp., 16 AD2d 461, affd 12 NY2d 329 [1963] [compensatory and punitive damages awarded]; Minjak Co. v Randolph, supra, 140 AD2d, at 250 [punitive damages awarded]). Punitive damages are appropriate in this case to encourage defendant and other landlords to protect their tenants from known dangers to health and safety. The court awards plaintiff punitive damages of $500.