WILLIAM BARETTA *v.* T & T STRUCTURAL, INC. (14549)

O'Connell, Spear and Hennessy, Js.

Submitted on briefs June 10—officially released August 13, 1996

*Glenn T. Terk* filed a brief for the appellant (defendant).

SPEAR, J. The defendant lessee, T & T Structural, Inc. (T & T), appeals from the trial court's judgment in favor of the plaintiff lessor in an action for the recovery of rent. On appeal, the defendant claims that the trial court improperly rendered judgment for the plaintiff in the amount of $1800 because the plaintiff failed to introduce evidence of such damage. The defendant also claims on its counterclaim for constructive eviction that the trial court improperly found that the defendant failed to meet its burden of proof. We reverse the trial court's judgment on the plaintiff's complaint and affirm the judgment on the defendant's counterclaim.

The memorandum of decision and exhibits reveal the following facts. On July 12, 1989, the defendant entered into a written lease[1] with the plaintiff regarding premises located at 172 Commerce Street in East Berlin.[2] The lease, which provided for monthly rent of $900, was for a term of five years and expired on July 13, 1994.

---

[1] At the time the written lease was executed, the defendant was already in possession of the premises pursuant to an oral lease entered into on November 14, 1988. The oral lease involved temporary space while new space was being built by the plaintiff.

[2] The defendant leased office space for its structural engineering firm. The plaintiff's meat packing business was also located on the premises.

On February 12, 1993, Carlo Tavarozzi, the defendant's president, notified the plaintiff by letter that the defendant would be relocating. The letter provided in part: "Per our conversations of February 10th and February 11th, we are presently negotiating to relocate. If negotiations for the other building are completed successfully, we will be vacating these premises by April 12, 1993, therefore our final rent payment will be made on or about March 13, 1993. We are aware that the lease agreement expires July 12, 1994, but we expect that you will impose no penalties on us for moving sooner." Other than the reference to previous conversations with the plaintiff, the letter did not specifically state the grounds for vacating the premises.

On February 18, 1993, the plaintiff's attorney informed the defendant that it was expected to comply with the terms of the lease. On March 8, 1993, Tavarozzi again notified the plaintiff by letter that T & T would be vacating the premises. In that letter, Tavarozzi specifically stated that the cause of the defendant's move was the odors emanating from the plaintiff's meat packaging facility, the inordinate number of dead flies in the windows and light fixtures, the inadequate air conditioning, and the potholes in the parking lot. On April 13, 1993, the defendant vacated the premises and leased office space in a Rocky Hill office building owned by Tavarozzi.

On July 7, 1993, the plaintiff commenced an action for the recovery of rent. In his complaint, the plaintiff alleged that the defendant was responsible for rent in the amount of $900 per month for each of the remaining fifteen months of the lease. By way of special defense, the defendant pleaded, inter alia, the plaintiff's failure to mitigate damages and constructive eviction.[3]

---

[3] The defendant also pleaded constructive eviction as a counterclaim.

The trial court found for the plaintiff on the complaint and the counterclaim and awarded the plaintiff $1800 in damages. The court found that the defendant proved that the plaintiff failed to mitigate damages but failed to meet its burden of proof on constructive eviction and lack of consideration. This appeal followed.

I

"On appeal, the function of this court is limited solely to the determination of whether the factual findings of the trial court are clearly erroneous or whether the decision is otherwise erroneous in law. . . . Determining whether a trial court's decision is clearly erroneous involves a two part function: where the legal conclusions of the court are challenged we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, these facts are clearly erroneous." (Citations omitted; internal quotation marks omitted.) *Haynes Construction Co.* v. *Cascella & Son Construction, Inc.*, 36 Conn. App. 29, 32, 647 A.2d 1015, cert. denied, 231 Conn. 916, 648 A.2d 152 (1994).

The defendant first claims that the trial court improperly rendered judgment for the plaintiff in the amount of $1800 because the plaintiff introduced no evidence on the issue of damages. We agree.

Generally, a finding of fact will not be overturned unless it is clearly erroneous in light of the evidence in the entire record. *Dornfried* v. *October Twenty-Four, Inc.*, 230 Conn. 622, 636, 646 A.2d 772 (1994). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . ." (Citation omitted.)

Id. In this case, there is no evidence in the record to support the trial court's award of $1800. As such, the award is clearly erroneous. The transcript and the record are devoid of any evidence to support the trial court's factual finding that the final rental payment to the plaintiff was made in March, 1993.[4] There is no evidence as to the months for which the plaintiff received or did not receive rental payments from the defendant, the amount of the last payment, or the period covered by the last payment. Consequently, we conclude that the trial court's finding that the plaintiff was entitled to damages of $1800 is clearly erroneous.

## II

The defendant next claims that the trial court improperly found that the defendant failed to meet its burden of proof on its counterclaim of constructive eviction. We are unpersuaded.

"[A] constructive eviction arises where a landlord, while not actually depriving the tenant of possession of any part of the premises leased, has done or suffered some act by which the premises are rendered untenantable, and has thereby caused a failure of consideration for the tenant's promise to pay rent." (Internal quotation marks omitted.) *Conference Center Ltd.* v. *TRC*, 189 Conn. 212, 220, 455 A.2d 857 (1983). In addition to proving that the premises are untenantable, a party pleading constructive eviction must prove that (1) the problem was caused by the landlord, (2) the tenant vacated the premises because of the problem, and (3) the tenant did not vacate until after giving the landlord reasonable time to correct the problem. *Thomas* v. *Roper*, 162 Conn. 343, 349, 294 A.2d 321 (1972).

---

[4] The letters signed by Tavarozzi on behalf of T & T merely stated the defendant's *intent* to make the last rental payment in March, 1993. The plaintiff offered no evidence that the last payment was actually made in March.

The factual findings of the trial court are subject to our well established clearly erroneous standard. See *Haynes Construction Co.* v. *Cascella & Son Construction, Inc.*, supra, 36 Conn. App. 32. Upon reviewing the evidence, we conclude that the trial court's finding that the defendant failed to meet its burden of proving constructive eviction is not clearly erroneous.

First, the trial court found that the defendant failed to prove that the premises were untenantable. The trial court found that the testimony of the defendant's witnesses, including that of the health director, did not support this element of constructive eviction. The health director testified that he inspected the premises at the defendant's request in March, 1993, and found that the premises were indeed habitable. We cannot conclude that this finding is clearly erroneous.

Second, the trial court found that the defendant did not vacate the premises because of the problems with the odor, flies, air conditioning and parking lot. In addressing this element, the court noted that Tavarozzi's letter dated February 12, 1993, failed to mention the specific problems on which the defendant relied in its constructive eviction claim. Even though the second letter addressed the problems of the odor and flies, the trial court, as trier of fact, determined who and what to believe and the weight to be accorded the evidence. "The sifting and weighing of evidence is peculiarly the function of the trier. [N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded to their testimony. . . . The trier is free to accept or reject, in whole or in part, the testimony offered by either party. . . ." (Citations omitted; internal quotation marks omitted.) *Cook* v. *Bieluch*, 32 Conn. App. 537, 549–50, 629 A.2d 1175, cert. denied, 228 Conn. 910, 635 A.2d 1229 (1993). We conclude, therefore, that the

trial court properly determined that the defendant failed to meet its burden of proof.

Our conclusion that the trial court properly found that the defendant failed to meet its burden of proving constructive eviction also disposes of the defendant's damage claim.

The judgment for the plaintiff on the complaint is reversed and the case is remanded with direction to render judgment for the defendant on the complaint. The judgment is affirmed as to the defendant's counterclaim.

In this opinion the other judges concurred.