■ JAMES M. BESSER, Respondent, v RONALD BECKETT, Appellant, and FINE TIMES, INC., Respondent. [677 NYS2d 364] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered November 20, 1997, which, upon reargument, insofar as appealed from, granted defendant's motion for a preliminary injunction prohibiting plaintiff from conducting voice lessons in his apartment only to the extent of limiting the hours and days during which plaintiff could do so to Monday through Friday from 12:00 P.M. to 5:00 P.M. and Saturday from 11:00 A.M. to 5:00 P.M., affirmed, without costs. Appeal from order, same court and Justice, entered May 6, 1997, dismissed, without costs, as superseded by the appeal from the November 20, 1997 order.

The schedule fashioned by the IAS Court appropriately balances the equities while maintaining the basic status quo pending final resolution of the action. We reject defendant's argument that the clause in plaintiff's lease limiting his use of the apartment to "living purposes only" necessarily mandates injunctive relief prohibiting any commercial use of the apartment to give voice lessons. Assuming in defendant's favor that he can enforce this clause as a third-party beneficiary, musical instruction of not more than one pupil at a time appears to be a permitted "home occupation" under New York City Zoning Resolution § 12-10 (cf., Young v Alexander, NYLJ, Sept. 7, 1994, at 27, col 5), and issues of fact exist as to whether the noise emanating from plaintiff's apartment has been of such level as to entitle defendant to what is, in effect, nuisance abatement-

type relief (*see, Stiglianese v Vallone*, 174 Misc 2d 312, 315-316, citing, *inter alia, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 570), and, if so, whether forms of relief such as soundproofing or limited hours of use would be more appropriate than a blanket injunction. Nor is preliminary injunctive relief directing defendant landlord to institute eviction proceedings against plaintiff warranted, it appearing that defendant would have an adequate remedy at law against the landlord, in the form of an abatement of rent, should it be determined that there has been breach of the warranty of habitability (*see, Matter of Nostrand Gardens Co-Op v Howard*, 221 AD2d 637). Concur—Rosenberger, Rubin, Williams and Mazzarelli, JJ.

Sullivan, J. P., dissents in a memorandum as follows: Plaintiff, a tenant of apartment 1G at 78 Riverside Drive, New York City, conducts voice lessons in his apartment and plays piano while instructing his students. He is a classical pianist and vocal coach. When not holding class he practices on the piano. It is alleged that plaintiff's voice lessons and piano accompaniment disturb defendant, for the past 30 years the tenant of apartment 2B, located directly above apartment 1G. Over the years, despite defendant's increased complaints about the noise level, the amount of sessions per week has increased, often involving multiple singers. Plaintiff's lease states that the apartment shall be occupied for "living purposes only" and also that "[n]o tenant shall make or permit any disturbing noises in the building by himself, his family, guests, employees, or visitors * * * nor do or permit anything to be done by such persons that will interfere with the rights, comforts or convenience of other tenants. No Tenant shall play upon, or allow to be played upon, any musical instrument * * * if it shall disturb or annoy any other occupant of the building."

The covenant of no commercial use is a substantial obligation of the lease. (*Matter of Park W. Vil. v Lewis*, 62 NY2d 431.) Repeated violation of this covenant has, according to defendant, resulted in a loss of quiet enjoyment of his apartment. In my view, the use of an apartment, as is alleged here, would constitute a substantial violation of the lease obligation.

Whether it would also constitute a significant departure from a substantial obligation of tenancy, thus satisfying the second test of *Park West*, is an open question to be resolved at trial. Thus, I agree that, in the interim, some measure of relief by way of a preliminary injunction is in order.

Here, the injunctive relief granted is much too broad and goes beyond that which plaintiff requires to continue his course

of instruction. The IAS Court permitted plaintiff to instruct and practice during the hours of 12:00 P.M. to 5:00 P.M. Monday through Friday and, on reargument, extended its ruling to include 11:00 A.M. to 5:00 P.M. on Saturdays. This amounts to 31 hours per week of playing time. Plaintiff reported that in the 6 months prior to instituting this action he had used his apartment for 191 hours for teaching purposes. He also stated that he practices approximately 10 hours per week. Thus, on average, plaintiff requires only 18 hours per week for instruction and practice.

In such circumstances, the relief fashioned by the IAS Court is unnecessarily broad and more extensive than required. Since preliminary injunctions have a way of taking on a life of their own, I would modify the order to limit plaintiff's instruction and playing time to 5:00 P.M. to 8:00 P.M. Monday through Friday and from 12:00 P.M. to 3:00 P.M. on Saturday. This schedule is in accord with plaintiff's needs and takes into account that many of his students have full working schedules and limited availability for instruction.

I should also note that the majority's reliance on New York City Zoning Resolution § 12-10, which permits musical instruction as a "home occupation", is misplaced. The parties, by their leases, have agreed to exclude any commercial use of their apartments. The Zoning Resolution notwithstanding, *Matter of Park W. Vil. v Lewis* (62 NY2d 431, *supra*) controls.