[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, New Britain Housing Authority (hereinafter "NBHA") filed this motion to strike counts one and two of the plaintiff's amended complaint. The plaintiff, Theresa Jones, filed a memorandum in opposition. This case arises out of a dog bite incident, in which a dog owned by defendant Iris Silva (who is not a party to this motion) allegedly injured the plaintiff. The incident occurred on property owned and operated by NBHA. There are two grounds upon which NBHA claims a right to the granting of its motion: the failure of the plaintiff to state legally sufficient causes of actions in both counts; and the statute of limitations.
The issues for this court to decide are: whether the plaintiff can allege that NBHA was an owner or keeper of the dog, under the dog bite statute, § 22-357; whether the plaintiff can state a claim for breach of covenant of quiet enjoyment; and whether or not the statute of limitations provides a basis for the granting of this motion. For reasons more fully set forth below, this court holds that the plaintiff has failed to state legally sufficient claims under § 22-357 and pursuant to the doctrine of covenant of quiet enjoyment.
 Motion to Strike
A Motion to Strike is "the proper method to challenge the legal sufficiency of a complaint . . ." Gaelic v. Gaelic,30 Conn. App. 305, 309 (1993). When deciding a motion to strike, the trial court is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Neapolitan v. CignaHealthcare of Conn., Inc., 238 Conn. 216, 232-33 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are not supported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group,224 Conn. 210, 215.618 A.2d 25 (1992). "The principal function of [the motion to strike] is to enable movement beyond the allegations in the pleadings, and to assist the court in its analysis of the evidence so as to ascertain whether an actual need for trial exists." Hughes v. Bemer, 200 Conn. 400, 402
(1986).
 Cause of Action against NBHA under the Dog Bite Statute
General Statutes § 22-357 provides in pertinent part: "Damage to person or property. If any dog does any damage to CT Page 4081 either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." "General Statutes § 22-357 imposes strict liability on the owner or keeper of any dog that does damage to the body or property of any person. A `keeper' is defined as `any person, other than the owner, harboring or having in his possession any dog.' General Statutes § 22-327." Falby v.Zarembski, 221 Conn. 14, 19, 602 A.2d 1 (1992).[1]
"To harbor a dog is to afford lodging, shelter or refuge to it." Falby v. Zarembski, supra, 221 Conn. 19. "Words Phrases and Corpus Juris Secundum define `harborer' somewhat differently. . . . [Yet] [b]oth refer to the case of Markwood v.Mcbroom, 110 Wash. 208, 211, 188 P. 521 (1920) and state that a harborer of a dog is one who treats a dog as living in his home and undertakes to control the dog's actions." Buturla v. St.Onge, 9 Conn. App. 495, 497, 519 A.2d 1235, cert. denied,203 Conn. 803, 522 A.2d 293 (1987) (court held that in order to harbor or possess a dog, some degree of control cover the dog must be exercised).
Possession, on the other hand, "cannot be fairly construed as anything short of the exercise of dominion and control [over the dog]." (Citations omitted; internal quotation marks omitted.)Falby v. Zarembski, supra, 221 Conn. 19. "Temporary care of property does not rise to the dignity of `possession' within the ordinarily accepted legal meaning of that term. Custody of things means to have them in charge — safe keeping. It implies temporary physical control merely, and does not connote domination, or supremacy of authority, as does possession in its full significance." (Internal quotation marks omitted.) Hancockv. Finch, 126 Conn. 121, 123, 9 A.2d 811 (1939) (individual who agreed to feed and water dogs kept on owners' property for five days while owners were away was not a `keeper' of the dogs pursuant to the applicable statute).
The plaintiff does not allege that NBHA either owned or possessed the dog. Rather, the plaintiff alleges that the defendant was the owner and possessor of the premises upon which the dog owner resided. This is not sufficient to state a cause of action pursuant to § 22-327. Therefore, the plaintiff's complaint fails to state a legally sufficient cause of action. CT Page 4082
 Claim of Breach of Covenant of Ouiet Enjoyment
"The covenant of quiet enjoyment is intended to secure undisturbed possession for the purchaser." Thompson, Real Property, § 3192. It ". . . insulates the tenant against acts or omissions on the part of the landlord . . . which interfere with the tenant's right to the use and enjoyment of the premises for the contemplated purposes. . . ." 49 Am.Jur.2d, Landlord and Tenant, § 601 (1995). Normally, a claim that the covenant of quiet enjoyment was breached arises in actions to recover rent or for breach of lease of agreements. See, e.g., Conference CenterLtd. v. TRC, 189 Conn. 212, 455 A.2d 857 (1983); Thomas v. Roper,162 Conn. 343, 294 A.2d 321 (1972); Amsterdam Realty Co. v.Johnson, 115 Conn. 243, 248, 161 A. 339 (1932); Baretta v. T TStructural, Inc., 42 Conn. App. 522, 681 A.2d 359 (1996); NetRealty Holding Trust v. Nelson, 33 Conn. Sup. 22, 358 A.2d 365
(1976). The covenant is implied in every lease unless negated by an express lease provision. Powell on Real Property, § 16B.03[1], p. 16B-34 (1996).
When the claim arises pursuant to a breach of lease agreement or from an action to recover rent, the courts have required vacation of the premises by the tenant as a prerequisite to the tenant asserting a breach of the covenant of quiet enjoyment. "The premise behind requiring the tenant's abandonment of the leasehold is a simple one — it would be unfair to allow a tenant to remain in possession but avoid the payment of rent simply by pleading breach of the covenant of quiet enjoyment."Lovick v. Nigro, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. LPL-CV-94-0542473S (Feb. 24, 1997, Lager, J. 1997 Ct. Sup. 1722, 1732.)
When the cause of action for breach of covenant of quiet enjoyment does not arise as a result of the plaintiff's attempt to avoid rental payments, a number of Superior courts have looked to the case law of other jurisdictions to hold that the actual vacation of the premises by the tenant is not necessary. See,e.g., Lovick, supra. "A number of jurisdictions have concluded that the tenant's abandonment of the premises is not necessary to claim constructive eviction. See Benitez v. Restifo, 167 Misc.2d 967,641 N.Y.S.2d 523 (City Ct. 1996); Echo Consulting ServicesInc. v. North Conway Bank, 140 N.H. 566, 571-72, 669 A.2d 227
(1995); O C Corp. v. Maryland Port Administration,68 Md. App. 181, 510 A.2d 1101, 1110-11 (1986); Kirkland v. Allen, CT Page 4083678 P.2d 568, 571 (Cob. App. 1984); Nate v. Galloway, 408 N.E.2d 1317
(Ind.App. 1980); Guntert v. City of Stockton, 55 Cal.App.3d 131,140-41, 126 Cal.Rptr. 690, 694-95 (1976)." Lovick, supra.
While vacation of the premises is not necessary, in this case, the plaintiff must still sufficiently allege constructive eviction. Under our law, constructive eviction includes conduct by the landlord which renders the premises untenantable.Connecticut National Bank v. Douglas, 221 Conn. 530, 538-39,606 A.2d 684 (1992). "Constructive eviction arises where a landlord, while not actually depriving the tenant of possession of any part of the premises leased, has done or suffered some act by which the premises are rendered untenantable. . . ." Amsterdam RealtyCo. v. Johnson, supra, 115 Conn. 248.
In addition to alleging the necessary elements of constructive eviction, the plaintiff must also allege that he/she gave notice of the problem to the landlord and that a reasonable time had elapsed in which the landlord could have remedied the problem. Baretta v. T T Structural, Inc., supra,42 Conn. App. at 526.
Normally, the determination of whether premises have become untenantable is a question of fact. Thomas v. Roper, supra,162 Conn. at 347. However, this court concludes that the facts alleged by the plaintiff are insufficient to support her claim for breach of covenant of good faith. There is no factual description of what has made the property become unfit for occupancy and untenantable. Additionally, there is no claim that the plaintiff put the defendant on notice of the claimed problem. Therefore, the plaintiff's second count is legally insufficient.
 Statute of Limitations
Because this court finds that the claims of the plaintiff are legally insufficient it need not address the statute of limitations arguments raised by the defendant.
CONCLUSION
The plaintiff has failed to allege facts sufficient to state causes of actions under the dog bite statute and pursuant to the doctrine of covenant of quiet enjoyment. Accordingly, the defendant's motion to strike the first and second counts of the amended complaint is granted. CT Page 4084
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT