■ WINDJAMMER HOMES, INC., Respondent, v BRUCE LIEBER-MAN et al., Appellants. [717 NYS2d 362] —In an action, *inter alia*, to foreclose a mechanic's lien and to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated October 15, 1999, which denied their motion for summary judgment dismissing the complaint and discharging the mechanic's lien.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed, the mechanic's lien is discharged, and the notice of mechanic's lien and notice of pendency are vacated.

In December 1994 the plaintiff Windjammer Homes, Inc. (hereinafter Windjammer) entered into an agreement with the defendants to build a home for them in the Town of Southampton. Windjammer alleged that the contract price was $157,670.80 and that a balance of $56,900 remained unpaid by the defendants. Windjammer commenced the instant action, *inter alia*, to recover the balance of the contract price. The defendants moved for summary judgment dismissing the complaint and argued, *inter alia*, that Windjammer did not substantially perform the contract. The Supreme Court denied the motion. We reverse.

There was uncontroverted evidence that the overall workmanship on the home was below industry standards and that Windjammer failed to complete between 14% and approximately 43% of the contract. Accordingly, the defendants established a prima facie case for summary judgment on the ground that Windjammer failed to substantially perform the contract and, therefore, cannot recover damages for breach of contract. In opposition Windjammer failed to raise any triable issue of fact.

As the breach of contract cause of action must be dismissed because of Windjammer's failure to substantially perform, Windjammer's cause of action to foreclose its mechanic's lien must also be dismissed (*see, New Day Bldrs. v SJC Realty,* 219 AD2d 623 [mechanic's lien was properly vacated when corresponding breach of contract claim was dismissed based upon builder's failure to substantially perform contract]). Finally, in light of our determination, Windjammer's demand for punitive

damages cannot stand alone and must also be dismissed. Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.