■ In the Matter of HARTFORD INSURANCE COMPANY, Respondent, v ASMAT KHAN, Appellant. [718 NYS2d 872] —In a

proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), dated May 9, 2000, which, after a hearing, granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

It is well settled that the determination of the fact-finding court should not be disturbed on appeal unless it could not have been reached by any fair interpretation of the evidence, particularly in cases resting in large part on the credibility of witnesses (*see, Thoreson v Penthouse Intl.,* 80 NY2d 490; *Matter of Tri-State Consumer Ins. Co. v Dabush,* 264 AD2d 848; *Matter of Allstate Ins. Co. v McMahon,* 251 AD2d 571; *Matter of Aetna Life & Cas. v Gramazio,* 242 AD2d 530). The determination that there was no physical contact between the appellant's vehicle and an unidentified vehicle is supported by a fair interpretation of the evidence. O'Brien, J. P., Krausman, Goldstein and Schmidt, JJ., concur.