■ CONSTANTINE KANIKLIDIS et al., Appellants, v 235 LINCOLN PLACE HOUSING CORP. et al., Respondents. [759 NYS2d 389] —In an action, inter alia, to recover damages for breach of the warranty of habitability, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), dated June 8, 2001, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs, shareholders in a cooperative apartment, complained to the cooperative corporation which owns the apartment building, the defendant 235 Lincoln Place Housing Corp. (hereinafter the co-op), over the course of several years about the sounds of heavy walking, banging, and a washer and dryer emanating from the apartment above. The proprietary lease and house rules provide that disturbing noises are not permitted, and that rugs must cover at least 80% of the floor of the apartment. The lease also provides that the co-op is not responsible for the nonobservance of the rules by any other tenant.

The matter was not resolved to the plaintiffs' satisfaction and this action was commenced. The plaintiffs alleged that the co-op breached the warranty of habitability, the proprietary lease, and the covenant of quiet enjoyment, which constituted a private nuisance. They further alleged fraudulent misrepresentation, claiming that the individual defendants, members of the co-op's board of directors, misrepresented to them that the building was "quiet," and they were thereby induced into purchasing shares in the co-op. After a nonjury trial, the

Supreme Court dismissed the complaint in its entirety. We affirm.

It is well settled that the determination of the trial court after a nonjury trial should not be disturbed on appeal unless that determination could not have been reached upon any fair interpretation of the evidence (*see Thoreson v Penthouse Intl.,* 80 NY2d 490 [1992]; *Loughran v Town of Eastchester,* 299 AD2d 328 [2002]). This is particularly proper in cases resting in large part on the credibility of witnesses (*see Matter of Hartford Ins. Co. v Khan,* 279 AD2d 524 [2001]; *State Farm Mut. Auto. Ins. Co. v Marshall,* 275 AD2d 417 [2000]).

As to the warranty of habitability, the plaintiffs failed to show that the noises they complained of were so excessive that they were deprived of the essential functions that a residence is supposed to provide (*see* Real Property Law § 235-b [1]; *Solow v Wellner,* 86 NY2d 582 [1995]; *Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 328 [1979], *cert denied* 444 US 992 [1979]; *Protano v 16 N. Chatsworth Ave. Corp.,* 272 AD2d 597 [2000]; *cf. Matter of Nostrand Gardens Co-Op v Howard,* 221 AD2d 637 [1995]; *Wortman v Solil Mgt. Corp.,* 217 AD2d 466 [1995]). As to the covenant of quiet enjoyment, the plaintiffs failed to show that they were constructively evicted from the apartment (*see Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77 [1970]; *Grammar v Turits,* 271 AD2d 644 [2000]; *Johnson v Cabrera,* 246 AD2d 578 [1998]). Similarly, the plaintiffs did not establish that the co-op's action or inaction caused a substantial and unreasonable interference with their use and enjoyment of the property, and therefore failed to establish the existence of a private nuisance (*see Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564 [1977]; *Weinberg v Lombardi,* 217 AD2d 579 [1995]; *Lewis v Stiles,* 158 AD2d 589 [1990]). As to the claim of fraudulent misrepresentation against the individual defendants, the plaintiffs failed to show that statements regarding the quietness of the building, and the co-op's handling of tenants' noise complaints, were known to be false, or that they were in fact false (*see Barclay Arms v Barclay Arms Assoc.,* 74 NY2d 644 [1989]; *Jacobs v 200 E. 36th Owners Corp.,* 281 AD2d 281 [2001]). Accordingly, the complaint was properly dismissed.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, Schmidt and Townes, JJ., concur.