■ Conquest Cleaning Corp., Appellant, v New York City School Construction Authority, Respondent. [769 NYS2d 292]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Beldock, J.H.O.), dated September 10, 2002, as, after a nonjury trial, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The determination of the trial court should not be disturbed (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]; *Loughran v Town of Eastchester*, 299 AD2d 329 [2002]; *Matter of Hartford Ins. Co. v Khan*, 279 AD2d 524, 525 [2001]; *Matter of State Farm Mut. Auto. Ins. Co. v Marshall*, 275 AD2d 417, 418 [2000]). The defendant acted properly in terminating the parties' contract, which provided that time was of the essence, since the plaintiff failed to substantially perform its obligations by the completion date set forth in the contract (*see Steven Strong Dev. Corp. v Washington Med. Assoc.*, 303 AD2d 878 [2003]; *Windjammer Homes v Lieberman*, 278 AD2d 411 [2000]; *New Day Bldrs. v SJC Realty*, 219 AD2d 623 [1995]; *Bilotto v Webber*, 172 AD2d 639 [1991]; *Wilson Roofing & Painting v Jobco-E.R. Kelly Assoc.*, 128 AD2d 953 [1987]; *Sear-Brown Assoc. v Blackwatch Dev. Corp.*, 112 AD2d 765 [1985]). Furthermore, the defendant did not waive the right to terminate the contract by waiting several days after the completion date before terminating, during which time the plaintiff was simply recleaning areas of asbestos that were previously inadequately cleaned (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]; *Bilotto v Webber, supra*).

The parties' remaining contentions are without merit. Smith, J.P., McGinity, Luciano and Townes, JJ., concur.