## ALONZO MANSFIELD, JR. *v.* A & M AUTOMOTIVE
### (AC 29834)

Harper, Lavine and Beach, Js.

Argued May 26—officially released September 29, 2009

*Mathew P. Jasinski,* with whom were *Ingrid L. Moll,* and, on the brief, *David Thomas Ryan,* for the appellant (plaintiff).

*David E. Kamins,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Alonzo Mansfield, Jr., appeals from the judgment of the trial court rendered in favor of the defendant, A & M Automotive. The plaintiff claims that the court improperly (1) concluded that the defendant did not violate General Statutes § 14-145a, (2) failed to find that the defendant was liable for conversion and (3) failed to find that the defendant's actions constituted a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). We affirm the judgment of the trial court.

The following facts, as found by the court, and procedural history are relevant to our resolution of the plaintiff's appeal. At all relevant times, the plaintiff lived at El Dorado Condominium Properties (El Dorado), a condominium complex located at 64 Congress Street

in Hartford. El Dorado abutted a neighboring condominium complex, the Congress Street Apartments, which was owned by Red Brick Partners (Red Brick).

Red Brick and El Dorado shared use of a parking lot, and El Dorado had an arrangement with Red Brick such that Red Brick allowed El Dorado's tenants to park in certain areas. These areas, however, were not plainly designated as such. Because the vehicles appeared to be unregistered, the defendant towed two of the plaintiff's vehicles on three separate occasions from spaces that Red Brick had agreed could be used by El Dorado tenants.

The plaintiff commenced this matter as a small claims action. It subsequently was transferred to the regular docket. The plaintiff's April, 2006 amended complaint alleged a violation of § 14-145a, conversion, statutory theft pursuant to General Statutes § 52-564 and a violation of CUTPA. Following a trial to the court, the court found in favor of the defendant on all four counts. This appeal followed.

The plaintiff claims that the court improperly concluded that the defendant did not violate § 14-145a.[1] Section 14-145a (a) provides in relevant part: "No vehicle shall be towed or removed from private property except upon express instruction of the owner or lessee, or his agent, of the property upon which the vehicle is trespassing. . . ." He specifically argues that it was improper for the court not to find that Red Brick was not an owner or lessee of the property at issue and

---

[1] The court concluded, alternatively, that even if it were to assume that the defendant violated § 14-145a, General Statutes § 14-145c provides an exception from liability for improper tows done with the express instruction of an owner or lessee. The plaintiff argues that § 14-145c does not shield towing companies from liability under § 14-145a. Because we conclude that the court properly determined that the defendant was not liable under § 14-145a, we need not review the court's alternate ground.

that Red Brick did not give the defendant its express instruction to tow the vehicles. We are not persuaded.

The court impliedly determined that the plaintiff had not met his burden of proving a violation of § 14-145a. Even if we were to assume, without deciding, that § 14-145a creates a private cause of action,[2] the plaintiff cannot prevail on his claim. On the basis of our careful review of the record, we conclude that the plaintiff has not demonstrated that the court's conclusion that he had not sustained his burden of proof under the statute was clearly erroneous. See *Baretta* v. *T & T Structural, Inc.*, 42 Conn. App. 522, 527, 681 A.2d 359 (1996) (finding regarding burden of proof subject to clearly erroneous standard of review).

The plaintiff also claims that the court improperly failed to conclude that the defendant was liable for conversion and that the defendant's actions constituted a violation of CUTPA. The plaintiff's arguments in this regard are premised on the notion that the court improperly failed to find that the defendant violated § 14-145a. Because we have concluded that it was not improper for the court to have declined to find that the defendant violated § 14-145a, the plaintiff's claims regarding the conversion and CUTPA counts must fail.

The judgment is affirmed.

---

[2] Although § 14-145a does not expressly create a cause of action, under certain circumstances, statutes can implicitly create a private cause of action. See *Windels* v. *Environmental Protection Commission*, 284 Conn. 268, 933 A.2d 256 (2007). "[I]n determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose . . . benefit the statute was enacted . . . ? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?" (Internal quotation marks omitted.) Id., 295.

The parties have not raised the issue of whether § 14-145a creates a private cause of action. Because we conclude that in the context presented by the parties, the court did not err in concluding that the plaintiff was not entitled to relief under that statutory section, we need not address this issue.