<partyblock>

Green Garden Corp., Respondent,

against

Somaya Yahia Saleh Mansoor, Appellant, et al., Undertenants.

Somaya Yahia Saleh Mansoor, appellant pro se.

Kaplan & Chun, PC (Howard C. Chun of counsel), for respondent.

Appeal from (1) a decision of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), dated May 4, 2017, deemed from a final judgment of that court entered May 4, 2017 (see CPLR 5512 [a]), and (2) a decision of that court dated June 27, 2017, deemed from a judgment of that court entered June 27, 2017 (see id.). The final judgment, after a nonjury trial, awarded landlord possession and the sum of $3,750 in a nonpayment summary proceeding. The judgment, after an attorney's fees hearing, awarded landlord the sum of $3,195.

ORDERED that the final judgment and the judgment are affirmed, without costs.

As a defense to this nonpayment proceeding, tenant alleged, in essence, that she was entitled to an abatement based upon a breach of the warranty of habitability due to excessive noise emanating from the upstairs apartment. After a nonjury trial, the Civil Court found that tenant had failed to establish her defense.

In reviewing a determination made after a nonjury trial, this court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]; D'Elia v 58-3[*2]5 Utopia Parkway Corp., 43 AD3d 976, 977-978 [2007]).

A tenant can establish a claim of breach of the warranty of habitability based upon excessive noise where a landlord, despite having notice, fails to take effective steps to abate that noise (see e.g. Kaniklidis v 235 Lincoln Place Hous. Corp., 305 AD2d 546 [2003]; Matter of Nostrand Gardens Co-Op v Howard, 221 AD2d 637 [1995]). "Substantial violation of a housing, building or sanitation code provides a bright-line standard capable of uniform application and, accordingly, constitutes prima facie evidence that the premises are not in habitable condition" (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 327 [1979]; see Administrative Code of City of NY  24-203 [62]; 24-218 [b]).

In this case, the record supports the Civil Court's conclusion that tenant failed to establish her claim for an abatement. As the court noted, tenant's tapes of the noise were all recorded before 9:00 p.m., the noise did not have long durations, and tenant did not provide an objective account of the noise, such as its decibel level. It appears that the Civil Court also credited landlord's testimony that the upstairs apartment was covered with rugs with padding. Moreover, there is no evidence in the record that landlord failed to respond to tenant's noise complaints.

"The determination of a reasonable attorney's fee is generally left to the discretion of the trial court, which is often in the best position to determine those factors integral to the fixing of a reasonable fee" (Miller Realty Assoc. v Amendola, 51 AD3d 987, 990 [2008]). We see no basis in the record to disturb the Civil Court's determination.

We do not consider any items which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).

Accordingly, the final judgment entered May 4, 2017 and the judgment entered June 27, 2017 are affirmed.

PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 14, 2019

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>