Nicholas Indus. & Constr. Servs., Inc. v NASDI, LLC (2026 NY Slip Op 00620)

Nicholas Indus. & Constr. Servs., Inc. v NASDI, LLC

2026 NY Slip Op 00620

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 157677/18|Appeal No. 5156|Case No. 2025-00520|

[*1]Nicholas Industries & Construction Services, Inc., Plaintiff-Appellant-Respondent,
vNASDI, LLC, et al., Defendants-Respondents-Appellants.

Muchmore & Associates PLLC, Brooklyn (Andrew Muchmore of counsel), for appellant-respondent.
Chipman Brown Cicero & Cole, LLP, New York (Adam D. Cole of counsel), for respondents-appellants.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about January 7, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment insofar as it sought to void plaintiff's mechanic's lien as willfully exaggerated, and denied the motion insofar as it sought to dismiss the cause of action for breach of contract (first cause of action), unanimously modified, on the law, to grant defendants' motion insofar as it sought to dismiss the cause of action for breach of contract, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Defendants established prima facie entitlement to summary judgment on the cause of action for breach of contract by submitting evidence that plaintiff failed to comply with the strict notice of claim requirements of the subcontract and therefore waived its right to assert a claim for the extra excavation work it performed (see APS Contrs., Inc. v New York City Hous. Auth., 193 AD3d 628, 629 [1st Dept 2021] ["By failing to comply with the strict notice provisions of the public contract, plaintiff waived its claims"]; Northgate Elec. Corp. v Barr & Barr, Inc., 61 AD3d 467, 468-469 [1st Dept 2009]).
Plaintiff's opposition failed to raise an issue of fact as to whether it was equitably estopped from complying with the notice of claim provisions because NASDI "hindered or prevented" it from doing so through its "bad faith, negligence or misconduct" (Trocom Constr. Corp. v City of New York, 238 AD3d 433, 434 [1st Dept 2025]). Plaintiff relies on emails and documents supposedly demonstrating that NASDI's disorganized and misleading accounting and communication lulled plaintiff into believing that it did not need to satisfy the subcontract's notice of claim requirements. However, none of those documents demonstrates that NASDI prevented or hindered plaintiff's compliance with the subcontract's notice of claim requirements (see A.H.A. Gen. Constr., v New York City Hous. Auth., 92 NY2d 20, 34 [1998] [there was "no showing that the Housing Authority's alleged misconduct impaired respondent's ability to fulfill these contractual undertakings"]). Plaintiff's claim for extra work pursuant to section 6.2 of the subcontract must also be dismissed because plaintiff failed to comply with the subcontract's notice of claim provisions (see Five Star Contr. Cos., Inc. v Fashion Inst. of Tech., 194 AD3d 405, 405-406 [1st Dept 2021]).
Because the breach of contract cause of action is being dismissed, plaintiff's cause of action to foreclose on its mechanic's lien must also be dismissed (see MCC Dev. Corp. v Perla, 81 AD3d 474, 474 [1st Dept 2011] [holding that "Supreme Court correctly dismissed the complaint, discharged the mechanic's lien and cancelled the notice of pendency on the ground that plaintiff failed to satisfy the contract's conditions precedent to commencing litigation"], lv denied 17 NY3d 715 [2011]; Windjammer Homes v Lieberman, 278 AD2d 411, 411—412 [2d Dept 2000] ["As the breach of contract cause of action must be dismissed because of [plaintiff's] failure to substantially perform, [plaintiff's] cause of action to foreclose its mechanic's lien must also be dismissed"]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026