Five Star Contr. Cos., Inc. v Fashion Inst. of Tech. (2021 NY Slip Op 02740)





Five Star Contr. Cos., Inc. v Fashion Inst. of Tech.


2021 NY Slip Op 02740


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 650707/13 Appeal No. 13707-13707A Case No. 2020-02053 

[*1]Five Star Contracting Companies, Inc., Plaintiff-Respondent,
v
Fashion Institute of Technology, Defendant-Appellant.


Windels Marx Lane & Mittendorf, LLP, New York (Scott R. Matthews of counsel), for appellant.
Paul T. Vink, PC, White Plains (Paul T. Vink of counsel), for respondent.



Orders, Supreme Court, New York County (Jennifer Schecter, J.), entered May 20, 2020 and on or about April 20, 2020, which, insofar as appealed from as limited by the briefs, granted in part plaintiff's motion for partial summary judgment and denied defendant's motion for summary judgment dismissing the claims for damages for "extra work," unanimously modified, on the law, to grant defendant's motion, to deny that part of plaintiff's motion for summary judgment on its claim for breach of contract due to wrongful termination, and otherwise affirmed, without costs.
The court correctly ruled that the action was timely filed under the relation-back doctrine (see Buran v Coupal, 87 NY2d 173, 179 [1995]; Ramirez v Elias-Tejada, 168 AD3d 401 [1st Dept 2019]).
The claims for damages for "extra work" challenged by defendant must be dismissed, because plaintiff admittedly failed to comply with the public works contract's 15-day extra-work notice and claim requirements with respect to those claims, and did not demonstrate that it was excused from these contractual requirements by showing that it was prevented or hindered from complying by defendant's bad faith, negligence or misconduct (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20 [1998]; Hudson Ins. Co., Inc. v City of New York, 170 AD3d 622 [1st Dept 2019]; Phoenix Signal & Elec. Corp. v New York State Thruway Auth., 90 AD3d 1394, 1396-1397 [3d Dept 2011]).
Summary judgment on plaintiff's breach of contract claim premised on defendant's alleged wrongful termination was improperly granted because the language in Section 10.01 of the General Conditions portion of the Bid Documents is ambiguous as to whether plaintiff was afforded a mandatory right to cure prior to termination. Accordingly, there is an issue of fact as to whether defendant's failure to provide a cure period constituted a breach. Further, there is an issue of fact as to whether the Terms and Conditions document, which contained right to cure language, was intended to be part of the Contract Documents.
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021