Trocom Constr. Corp. v City of New York (2025 NY Slip Op 02670)

Trocom Constr. Corp. v City of New York

2025 NY Slip Op 02670

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 650262/15|Appeal No. 4255-4256-4257|Case No. 2023-05909, 2023-05911, 2023-05913|

[*1]Trocom Construction Corp., Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents. 

R&R Legal Advisors LLC, Kew Gardens (Victor Rivera Jr. of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for City of New York, respondent.
Herrick, Feinstein LLP, New York (Meaghan Roe of counsel), for Consolidated Edison Company of New York, Inc., respondent.
Leader Berkon Colao & Silverstein LLP, New York (David J. Goodearl of counsel), for Empire City Subway, respondent.

Orders, Supreme Court, New York County (Lucy Billings, J.), entered October 5, 2023, which granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
In opposition to defendants' prima facie showing that plaintiff failed to strictly comply with the subject contract's notice-of-claim requirements (see generally A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 33-34 [1998]), plaintiff failed to raise an issue of fact as to whether it was hindered or prevented from doing so by defendants' bad faith, negligence, or misconduct (see id. at 31; Five Star Contr. Cos., Inc. v Fashion Inst. of Tech., 194 AD3d 405, 405-406 [1st Dept 2021]). Even if, as plaintiff claims, defendant City of New York was unreasonable and unduly burdensome with its demands and expectations of plaintiff, the record offers no support for plaintiff's claim that this obstructed it from submitting a statement as to the details and amounts of its damages within 45 days of initially incurring them and then updating that statement every 30 days thereafter, as required by the contract.
As third-party beneficiaries expressly identified as such in the contract, defendants Consolidated Edison Company of New York, Inc. and Empire City Subway were also entitled to enforce the contract's notice-of-claim requirements (see generally Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336 [1983]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025