Universal Constr. Resources, Inc. v New York City Hous. Auth. (2021 NY Slip Op 01372)





Universal Constr. Resources, Inc. v New York City Hous. Auth.


2021 NY Slip Op 01372


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Shulman, JJ. 


Index No. 655920/16 650913/18 Appeal No. 13311-13312-13313 Case No. 2019-3721 2019-3722 2019-04313 

[*1]Universal Construction Resources, Inc., Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Lisa Bova-Hiatt, General Counsel, New York City Housing Authority, New York (Gil Nahmias of counsel), for appellant.
Marco & Sitaras, PLLC, New York (George Marco of counsel), for respondent.



Orders, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about April 5, 2019, on April 5, 2019, and on or about April 12, 2019 which, to the extent appealed from as limited by the briefs, denied so much of defendant New York City Housing Authority's (NYCHA) motions seeking dismissal of plaintiff Universal Construction Resources's (UCR) claims for acceleration, delay, and breach of contract, in these three actions, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment dismissing the complaints.
NYCHA made out a prima facie entitlement to dismissal with documentary evidence showing that UCR failed to serve a notice of claim within 2o days of the accrual dates of the alleged claims, a condition precedent in the contract under Section 23 (see Colonial Sur. Co. v New York City Hous. Auth., 182 AD3d 517 [1st Dept 2020]; Universal Constr. Resources, Inc. v New York City Hous. Auth., 176 AD3d 642 [1st Dept 2019]; Matter of Intercontinental Constr. Contr., Inc. v New York City Hous. Auth., 173 AD3d 453 [1st Dept 2019]; Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth., 138 AD3d 423 [1st Dept 2016]; Centennial El. Indus., Inc. v New York City Hous. Auth., 129 AD3d 449 [1st Dept 2015]).
As to the Mariner's Harbor project, UCR's letter dated July 19, 2015, which UCR claims is its first notice of claim, does not satisfy Section 23 in that it is not denoted a notice of claim, and does not set the basis of the alleged claims or list the claimed amounts, all elements independently required under the contract (see Intercontinental Constr. Contr., 173 AD3d at 454; Hi-Tech Constr. & Mgt. Servs. Inc. v Housing Auth. of the City of N.Y., 125 AD3d 542 [1st Dept 2015], lv denied 26 NY3d 908 [2015]). While its March 3, 2017, notice clearly satisfied Section 23, the project was substantially complete on June 29, 2016. Thus, the March 3, 2017 notice of claim, served eight months later, was untimely under the contract's 20-day requirement (see Universal Constr. Resources at 643). Many of plaintiff's claims accrued even earlier, when NYCHA notified UCR of changes in or interpretations of the scope of aspects of the project (see Colonial Sur. Co., 182 AD3d at 517-518).
UCR's argument that NYCHA waived Section 23 is unavailing, as the complained of conduct is insufficient to give rise to estoppel (see Centennial El. Indus. Inc., 129 AD3d at 450). Further, while NYCHA might have accepted a release in which UCR reserved its rights, it does not follow that NYCHA waived any defenses to those claims. In any event, the contract contains a "no estoppel" clause (id.).
As to the Lafayette project, UCR's letter dated July 20, 2015 does not state that it is a notice of claim and is thus defective on its face. Further, while the letter notes disagreement with the basis of the project's delays, and argues that an extension is warranted, it does not state the basis for any claim for damages [*2]or state the amount of such claims, all elements independently required under the contract (see Intercontinental Constr. Contr., 173 AD3d at 454-455; Hi-Tech Constr. & Mgt. Servs. Inc., 125 AD3d at 542; compare Clifford R. Gray Inc. v City Sch. Dist. of Albany, 277 AD2d 843 [3d Dept 2000]). The email and letter sent by UCR on January 7, 2016 does denote itself as a note of claim, but it only references some of the items now claimed in plaintiff's complaint, and does not state the amount of the claims, only a reference to credits on the contract. While its November 8, 2016 notice clearly satisfied Section 23, the project was substantially complete in October of 2015, making the notice, as well as the purported January 7, 2016 notice, untimely (see Universal Constr. Resources, 176 AD3d at 643). Many of plaintiff's claims accrued even earlier, when NYCHA notified UCR of changes in or interpretations of the scope of aspects of the project (see Colonial Sur. Co., 182 AD3d at 517-518).
UCR's argument that a portion of its claim concerning asbestos removal credits deducted by NYCHA is unpersuasive, as Section 23 applies to both extra work entailing extra cost and "claims compensation." In any event, the agreement also states at Section 8 that "no right to compensation or damages for any loss or cost, including loss of profit, or for any claim or cause of action, shall accrue to [UCR] for any Work so omitted or reduced," making those claims subject to dismissal on an additional ground. Also unavailing is UCR's claimed need for discovery. The contract at issue is a unit price multiplier contract with pre-negotiated rates, and thus no discovery was needed by UCR from NYCHA to determine whether UCR complied with the contract's timely notice requirements (see Universal Constr. Resources, 176 AD3d at 643).
As for the Roosevelt project, UCR's argument that its claims did not accrue until it submitted its last detailed invoice for the work, is unpersuasive, and adopting such an interpretation would essentially eviscerate the contract provision's application, since a contractor could simply fail to serve a "final detailed invoice." Nor is UCR's argument that its claims did not accrue until after NYCHA's final payment persuasive, particularly since the contract clearly states that the time to serve a notice of claim runs from when the "claim shall have arisen." Notably, many of plaintiff's claims accrued even earlier, when NYCHA notified UCR of changes in or interpretations of the scope of aspects of the project (see Colonial Sur. Co., 182 AD3d at 517-518).
UCR's letter dated August 5, 2015, which UCR calls a "delay notice" but alternatively calls it its first notice of claim, does not satisfy Section 23 in that it is not denoted a notice of claim, and does not set the basis of the alleged claims or list the claimed amounts, all elements independently required under the contract (see Intercontinental Constr. Contr., 173 AD3d at 454; Hi-Tech Constr. & Mgt. [*3]Servs. Inc., 125 AD3d at 542). To the extent it made a claim regarding the use of specific anchors, that claim arose, by UCR's own admission, days after the project commenced, in July of 2015. Thus, the notice was untimely. UCR's May 2, 2017 notice clearly satisfied Section 23, but the project was substantially complete nearly a year earlier, on June 29, 2016. While UCR denies ever being served with a notice of substantial completion, UCR does not dispute the completion date. UCR's own documents confirm that it advised NYCHA in September of 2016 that it would be ready for inspections on each building before October 21, 2016, that inspections were conducted, that UCR's last day on the project was January 17, 2017, and that UCR received the certificate of final acceptance on March 22, 2017. Thus, regardless of whether UCR received the formal notice of substantial completion, it was well aware that all work was completed prior to January 17, 2017 at the latest, and the May 3, 2017 notice of claim was untimely under the contract's 20-day requirement (see Universal Constr. Resources, 176 AD3d at 643).
UCR's argument that NYCHA waived Section 23 of the contract is unavailing, as the complained of conduct is insufficient to give rise to estoppel (see Centennial El. Indus. Inc., 129 AD3d at 450). Further, while NYCHA might have accepted a release in which UCR reserved its rights, it does not follow that NYCHA waived any defenses to those claims. In any event, the contract contains a no estoppel clause (id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021