P.A.L. Envtl. Safety Corp. v APS Contr., Inc. (2021 NY Slip Op 06755)





P.A.L. Envtl. Safety Corp. v APS Contr., Inc.


2021 NY Slip Op 06755


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 452131/18 Appeal No. 14755 Case No. 2021-00880 

[*1]P.A.L. Environmental Safety Corp., doing business as PAL Environmental Services, Plaintiff,
v
APS Contracting, Inc., et al., Defendants.
APS Contracting, Inc., Second Third-Party Plaintiff-Respondent,
v
New York City Housing Authority, Second Third-Party Defendant-Appellant.


Lisa Bova-Hiatt, New York City Housing Authority, New York (Amanda McLoughlin of counsel), for appellant.
Goetz Fitzpatrick LLP, New York (Victor Rivera Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about April 13, 2020, which, to the extent appealed from as limited by the briefs, denied second third-party defendant's (NYCHA) motion to dismiss the second third-party cause of action for breach of contract, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the second third-party complaint.
All second third-party plaintiff's (APS Contracting) notices of claim were either untimely or facially insufficient, or both, for failing to state APS Contracting's claimed damages under the requirements of the parties' contract (see Universal Constr. Resources, Inc. v New York City Hous. Auth., 192 AD3d 470, 471 [1st Dept 2021]; Matter of Intercontinental Constr. Contr., Inc. v New York City Hous. Auth., 173 AD3d 453, 454 [1st Dept 2019]; Start El., Inc. v New York City Hous. Auth., 106 AD3d 450, 450 [1st Dept 2013]). APS Contracting's contention that NYCHA waived the notice requirement in section 23 of the contract by continuing to correspond regarding APS Contracting's proposed change orders and to make offers is unavailing, because claims accrue when damages are ascertainable (see Universal Constr. Resources, 192 AD3d at 471). In addition, the contract included a no estoppel clause (Centennial El. Indus., Inc. v New York City Hous. Auth., 129 AD3d 449, 450 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021