Tycoon Constr. Corp. v New York City Hous. Auth. (2023 NY Slip Op 00938)

Tycoon Constr. Corp. v New York City Hous. Auth.

2023 NY Slip Op 00938

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Renwick, J.P., Oing, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 651471/18 Appeal No. 17352 Case No. 2022-00003 

[*1]Tycoon Construction Corp., Plaintiff-Appellant-Respondent,
v
New York City Housing Authority, Defendant-Respondent-Appellant.

Kaufman Dolowich & Voluck, LLP, Woodbury (Adam A. Perlin of counsel), for appellant-respondent.
David Rohde, New York (Karen R. Cross of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Debra James, J.), entered on or about October 21, 2021, which, to the extent appealed from as limited by the briefs, granted defendant New York City Housing Authority's (NYCHA) motion to dismiss the complaint insofar as it sought to dismiss the causes of action for wrongful termination of contract, unpaid extra work, delay of work, and quantum meruit, and denied the motion insofar as it sought to dismiss the cause of action for termination for convenience costs, unanimously affirmed, without costs.
NYCHA was entitled to dismissal of the cause of action for wrongful termination of contract, since the documentary evidence contradicts the allegations of that cause of action. The parties' agreement contained an unconditional termination clause giving NYCHA the absolute, unqualified right to terminate the agreement without court inquiry as to whether the termination was driven by an ulterior motive (CPLR 3211[a][1]; see Big Apple Car v City of New York, 204 AD2d 109, 111 [1st Dept 1994]).
Supreme Court also properly dismissed the causes of action for unpaid extra work and for work delay, as plaintiff failed to serve a notice of claim within 20 days of the date on which the claims accrued — a contractual condition precedent to recovery on those causes of action (see Universal Constr. Resources, Inc. v New York City Hous. Auth., 192 AD3d 470 [1st Dept 2021]; MRW Constr. Co. v City of New York, 223 AD2d 473, 473 [1st Dept 1996], lv denied 88 NY2d 803 [1996]). The court also correctly dismissed plaintiff's cause of action for quantum meruit, as the written contract governs the subject matter in dispute (see Centennial El. Indus., Inc. v New York City Hous. Auth., 129 AD3d 449, 450 [1st Dept 2015]).
However, Supreme Court properly declined to dismiss the cause of action for termination for convenience costs. NYCHA's assertion that the cause of action is duplicative of the dismissed claims cannot be determined at this stage of the litigation, since the issue requires factual analysis regarding, among other things, precisely which costs would support the cause of action. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023