Pope Contr., Inc. v New York City Hous. Auth. (2023 NY Slip Op 01365)

Pope Contr., Inc. v New York City Hous. Auth.

2023 NY Slip Op 01365

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Friedman, J.P., González, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 656939/19 Appeal No. 17522 Case No. 2022-02166 

[*1]Pope Contracting, Inc., Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.

Ansell Grimm & Aaron, P.C., White Plains (Joshua S. Bauchner of counsel), for appellant.
Lisa Bova-Hiatt, New York (Karen R. Cross of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered November 10, 2021, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
In October 2015, defendant New York City Housing Authority (NYCHA) awarded plaintiff a contract to perform roof and rooftop brick repair work at various housing developments. Pursuant to the parties' contract, plaintiff was required to serve a notice of claim as to any claim it wished to make involving additional compensation within 20 days after the accrual of such a claim as a condition precedent to the settlement of such a claim or to the plaintiff instituting an action on such a claim. The contract further provided that plaintiff could only appeal the decision of defendant's contracting officer with respect to any notice of claim that it served by filing suit within 30 days of the contracting officers' decision.
In April 2017, plaintiff commenced a prior action against NYCHA regarding various disputes. While that litigation was pending, NYCHA notified plaintiff that it intended to take an approximately $385,000 credit for plaintiff's alleged overbilling of its asbestos removal work, and plaintiff submitted a proposed change order seeking an additional nearly $500,000 from defendant for its asbestos removal work. Thereafter, the parties settled the prior litigation. Their settlement agreement noted that there were outstanding items in dispute, including the disputed asbestos removal work and plaintiff's proposed change order. The settlement agreement contained a merger clause providing that it "supersede[d] all prior agreements and understandings . . . whether written or oral, with regard to the matters set forth herein." It also specified that it did "not include or account for any payments or credits related" to the outstanding items, which "will be addressed in a subsequent payment."
Thereafter, on April 5, 2019, defendant advised plaintiff that it would not consider the proposed change order and was still seeking its credit. Plaintiff then served a notice of claim, dated May 30, 2019; defendant requested additional information by letter dated July 3, 2019, which plaintiff supplied by letter dated July 22, 2019; and defendant's contracting officer denied plaintiff's claim by letter dated September 27, 2019. Plaintiff commenced this action on November 21, 2019.
NYCHA moved to dismiss based on plaintiff's failure to serve a timely notice of claim in accordance with the parties' contract. Supreme Court properly declined to deny defendant's motion to dismiss as premature (CPLR 3211 [d]) as plaintiff did not show that discovery was needed to oppose the motion, which is based on the language of the settlement agreement (see Rochester Linoleum & Carpet Ctr., Inc. v Cassin, 61 AD3d 1201, 1202 [3d Dept 2009]). On the issue of whether it provided a timely notice of claim discovery is not needed because "plaintiff had in its possession any documents that it may have [*2]sent to defendant that it believed satisfied the notice of claim requirement" (APS Contrs., Inc. v New York City Hous. Auth., 193 AD3d 628, 630 [1st Dept 2021]).
We agree with the motion court that the settlement agreement did not supersede the contract insofar as it concerns the outstanding items. A subsequent contract regarding the same subject matter will supersede a prior contract, but only with regard to that same subject matter (see Hyuncheol Hwang v Mirae Asset Sec. [USA] Inc., 165 AD3d 413, 414 [1st Dept 2018], lv denied 32 NY3d 910 [2018]). Here, the settlement agreement explicitly carved out the outstanding items from its scope, and provided that it superseded the contract only "with regard to the matters set forth herein." Reading the settlement agreement as superseding the contract as to all matters between the parties would be contrary to the plain language of the contract (see generally Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]).
Thus, plaintiff failed to comply with the contract's notice of claim requirements. Even using April 5, 2019 — the date that defendant advised plaintiff that it would not consider plaintiff's proposed change order and was still seeking a credit — as the date on which plaintiff's claim accrued, its May 30, 2019 notice of claim was untimely by 35 days. Furthermore, defendant's contracting officer denied plaintiff's claim by letter dated September 27, 2019, triggering the contract's 30-day time limit within which plaintiff could commence this action. However, plaintiff did not do so until November 21, 2019, making this action untimely by 25 days.
Plaintiff's argument that defendant waived the contract's notice of claim requirement, or that defendant is estopped from relying on it, is unavailing. As to waiver, the contract provides that only defendant's contracting officer can modify the contract, which modification must be in writing, and there is no evidence of any such written modification by the contracting officer in the record. As to the estoppel, municipal defendants are "under no obligation to apprise plaintiff[s]" that they have "failed to file a timely notice of claim as against [them,]" and, as noted above, "the failure to file a timely notice of claim may be raised any time prior to trial" (Davis v City of New York, 250 AD2d 368, 370 [1st Dept 1998]).
Plaintiff's cross motion for leave to serve a late notice of claim on defendant was properly denied. General Municipal Law § 50-e (5), applies to "case[s] founded upon tort where a notice of claim is required by law," and therefore, does not apply in this contract case. In any event, even if plaintiff could be granted leave to serve a late notice of claim on defendant in this case, it still would not excuse plaintiff's failure to commence this action within 30 days of the contracting officer's denial of its claim.
Furthermore, plaintiff's argument that it should have been allowed to plead contract, quasi contract, and fraud claims in the alternative [*3]is unavailing. First, plaintiff's contract claims fail for the reasons discussed above, namely plaintiff's failure to comply with the notice of claim provisions of the parties' contract and the exclusion of the subject matter of this dispute from the settlement agreement. Second, plaintiff's quasi contract claims were properly dismissed insofar as a claim for breach of the implied covenant of good faith and fair dealing cannot be used as a substitute for nonviable contract claims (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Xerox Corp., 25 AD3d 309, 310 [1st Dept 2006], lv dismissed 7 NY3d 886 [2006]). The existence of a contract between the parties precludes claims for promissory estoppel (see ID Beauty S.A.S. v Coty Inc. Headquarters, 164 AD3d 1186, 1186 [1st Dept 2018]; Susman v Commerzbank Capital Mkts. Corp., 95 AD3d 589 [1st Dept 2012], lv denied 19 NY3d 810 [2012]) and unjust enrichment (see Vitale v Steinberg, 307 AD2d 107, 111 [1st Dept 2003]; Abax Inc. v New York City Hous. Auth., 282 AD2d 372, 373 [1st Dept 2001]). Finally, plaintiff did not plead its fraudulent inducement claim with the requisite degree of particularity (see CPLR 3016 [b]; Gregor v Rossi, 120 AD3d 447, 447 [1st Dept 2014]; Fariello v Checkmate Holdings, LLC, 82 AD3d 437, 437 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023