Corbex Inc. v New York City Hous. Auth. (2025 NY Slip Op 02127)

Corbex Inc. v New York City Hous. Auth.

2025 NY Slip Op 02127

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Kern, J.P., Kennedy, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 653968/21|Appeal No. 4089|Case No. 2024-00604|

[*1]Corbex Inc., Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.

Welby, Brady & Greenblatt, LLP, White Plains (Andreas M. Koudellou of counsel), for appellant.
David Rohde, New York City Housing Authority, New York (Amanda McLoughlin of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Verna L. Saunders, J.), entered January 23, 2024, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss plaintiff's cause of action for breach of contract, unanimously affirmed, without costs.
Supreme Court properly dismissed the breach of contract claim for plaintiff's failure to comply with the contractual notice of claim provisions, which are conditions precedent to the settlement of any claim or the commencement of any proceeding (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 30-31 [1998]). New York City Housing Authority established prima facie entitlement to dismissal with "documentary evidence showing that [plaintiff] failed to serve a notice of claim within 20 days of the accrual date[] of the alleged claim[]" (Universal Constr. Resources, Inc. v New York City Hous. Auth., 192 AD3d 470, 470 [1st Dept 2021]; see also Lakhi Gen. Contr., Inc. v New York City Hous. Auth., 189 AD3d 480, 481 [1st Dept 2020]). We reject plaintiff's contentions regarding waiver and estoppel where the contract included a no estoppel and no waiver clause, and plaintiff was not prevented from complying with the notice and reporting requirements contained in the contract (see A.H.A. Gen., 92 NY2d at 31; see also P.A.L. Envtl. Safety Corp. v APS Contr., Inc., 200 AD3d 411, 411 [1st Dept 2021], lv denied 38 NY3d 911 [2022]).
General Municipal Law § 50-e (5), which permits leave to file a late notice of claim, does not apply here (see Pope Contr., Inc. v New York City Hous. Auth., 214 AD3d 519, 521 [1st Dept 2023]). Plaintiff's reliance on Public Authorities Law § 1744 for the proposition that its claim accrued on the date payment for the amount claimed was denied is also unpersuasive as that statute governs accrual of a claim as against the New York City School Construction Authority, not NYCHA, and there is no basis to extend that statute here (see C.S.A. Contr. Corp. v New York City School Const. Auth., 5 NY3d 189, 193 [2005]). In any event, even using that accrual date, plaintiff's notice of claim was still untimely. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025