Godfrey-Peters v Dangelo (2025 NY Slip Op 05768)

Godfrey-Peters v Dangelo

2025 NY Slip Op 05768

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ.

Index No. 800050/24|Appeal No. 5001|Case No. 2025-00178|

[*1]Candace Godfrey-Peters, Plaintiff-Appellant,

v

Scott Dangelo, et al., Defendants-Respondents.

Law Office of Beth S. Gereg, Smithtown (Beth S. Gereg of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about December 24, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' cross-motion to dismiss the complaint and denied plaintiff's motion for leave to deem the notice of claim served upon defendant City of New York timely, nunc pro tunc, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in denying plaintiff's application to deem the notice of claim timely filed as the one year and 90-day statute of limitations had expired more than six months earlier (see Pierson v City of New York, 56 NY2d 950, 954 [1982]). Plaintiff argues that the doctrine of equitable estoppel applied to preserve her claim because the City failed to inform her counsel that counsel had mistakenly attached a notice of claim relating to another matter to the service email to the City, albeit within the statute of limitations. Plaintiff argues that it was clear that the incorrect notice of claim had been attached since the subject line contained plaintiff's name. Plaintiff's counsel affirmed that the City would commonly correct discrepancies and/or omissions in the electronic filing of notices of claim. However, as plaintiff acknowledges, the City was under no obligation to apprise plaintiff of the error (see Pope Constr., Inc. v New York City Hous. Auth., 214 AD3d 519, 521 [1st Dept 2023]), and plaintiff failed to demonstrate that she reasonably relied on the City to inform her when deficiencies in notices of claim were present (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553 [2006]).

Plaintiff's reference to the factors set forth in General Municipal Law § 50-e(5) is inapplicable here, because, by its terms, that section applies only to applications made within the statute of limitations period, which is not the case here.

We have considered plaintiff's remaining arguments and find them unavailing.

 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 21, 2025