■ WDF Inc., Appellant, v The Trustees of Columbia University in the City of New York et al., Respondents. [65 NYS3d 448]—

Orders, Supreme Court, New York County (Barry R. Ostrager, J.), entered November 15, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the second cause of action as to all claims for costs incurred due to delays caused by a stop work order and the third and fourth causes of action in their entirety, unanimously affirmed, with costs.

The subcontract entered into by plaintiff contained a no-damages-for-delay provision. Such a provision "is valid and enforceable and is not contrary to public policy" where, as here, "the clause and the contract of which it is a part satisfy the requirements for the validity of contracts generally" (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [1986]).

While the complaint here recites a list of purported causes for delays allegedly attributed to defendants, it sets forth no factual allegations in support of such claims. Similarly, it makes no factual allegations supporting the conclusory claim that such alleged delays fell within the exceptions to the no-damages-for-delay rule (*see Corinno*, 67 NY2d at 309). Moreover, in opposition to defendants' motions to dismiss pursuant to CPLR 3211 (a) (1) and (7), plaintiff failed to submit any affidavits or other materials that remedied the defects in the complaint (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). Concur—Gische, J.P., Webber, Oing, Singh and Moulton, JJ.