Federated Fire Protection Sys. Corp. v 56 Leonard St., LLC (2020 NY Slip Op 06348)





Federated Fire Protection Sys. Corp. v 56 Leonard St., LLC


2020 NY Slip Op 06348


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Singh, Kennedy, Shulman, JJ. 


Index No. 651209/16 Appeal No. 12285 Case No. 2019-5927 

[*1]Federated Fire Protection Systems Corp., Plaintiff-Appellant,
v
56 Leonard Street, LLC, et al., Defendants, Lend Lease (US) Construction LMB Inc., Defendant-Respondent.


Kaufman Dolowich Voluck, LLP, Woodbury (Andrew L. Richards of counsel), for appellant.
Quinn McCabe LLP, New York (Jonathan H. Krukas of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 8, 2019, which (1) granted the motion of defendant Lendlease (US) Construction LMB Inc. to dismiss the fifth cause of action, for delay damages, and (2) denied plaintiff's request for leave to file a second amended complaint, unanimously affirmed, without costs.
The parties' contract contained a no-damages-for-delay provision. Such provisions are valid and serve to bar claims for delay damages unless a party can successfully invoke one of the exceptions set forth in Corinno Civetta Constr. Corp. v City of New York (67 NY2d 297, 309 [1986]). Plaintiffs seeking to invoke one of the Corinno Civetta exceptions face a "heavy burden" (LoDuca Assoc., Inc. v PMS Constr. Mgt. Corp., 91 AD3d 485, 485-486 [1st Dept 2012]). Here, while plaintiff sets forth allegations related to the purported causes for delays that are allegedly attributed to defendant, it has not set forth factual allegations showing that any of the CorinnoCivetta exceptions apply (WDF Inc. v Trustees of Columbia Univ. in the City of N.Y., 156 AD3d 530 [1st Dept 2017]).
The IAS court providently exercised its discretion in denying plaintiff leave to file a second amended complaint (Velarde v City of New York, 149 AD3d 457 [1st Dept 2017]). Plaintiff did not submit a proposed amendment in connection with its motion (CPLR 3025(b); Mendoza v Akerman Senterfitt LLP, 128 AD3d 480, 483 [1st Dept 2015]). Further, it is clear that any attempt to replead by plaintiff would have been futile (Eighth Ave. Garage Corp. v H.K.L. Realty Corp., 60 AD3d 404, 405 [1st Dept 2009], lv dismissed 12 NY3d 880 [2009]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020