APS Contrs., Inc. v New York City Hous. Auth. (2021 NY Slip Op 02590)





APS Contrs., Inc. v New York City Hous. Auth.


2021 NY Slip Op 02590


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 652476/18 Appeal No. 13698 Case No. 2020-02445 

[*1]APS Contractors, Inc., Plaintiff-Respondent-Appellant,
v
New York City Housing Authority, Defendant-Appellant-Respondent.


Lisa Bova-Hiatt, New York City Housing Authority Law Department, New York (Gil Nahmias of counsel), for appellant-respondent.
Peckar & Abramson, P.C., New York (Melissa Salsano of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Andrea Masley, J.), entered February 27, 2020, which denied defendant's motion to dismiss plaintiff's claim for additional compensation for painting and lead abatement of roof railings (Claim 1), and granted defendant's motion to dismiss the remaining causes of action of the complaint seeking additional compensation for providing temporary roofing and concrete roof patching (Claims 2 and 3), unanimously modified, on the law, to grant defendant's motion with respect to Claim 1, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Section 32(a) and (b) of the construction contract mandated that plaintiff provide defendant with a notice of claim for extra costs or damages stating the nature and amount of the extra cost or damages sustained and the basis of the claim, within 20 days after such claim arises, and that such a notice was a condition precedent to an action seeking damages. Section 56 provided that the provisions of the contract may not be waived except by a resolution of defendant's Board.
Plaintiff's claim that it was not fully compensated for painting and lead abatement was asserted and rejected by defendant in a series of emails from April through early July 2016. Plaintiff did not file a notice of claim until May 9, 2017.
Plaintiff argues that these emails constituted its notice of claim in that they set forth the nature of the claim and the amount of damages. However, a notice of claim requirement in a public contract is strictly enforced in order to avoid waste of public funds and protect the integrity of the bidding process (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 33-34 [1998]). By failing to comply with the strict notice provisions of the public contract, plaintiff waived its claims (see Schiavone Constr. Co., Inc. v City of New York, 106 AD3d 427 [1st Dept 2013]).
The email correspondence between the parties was insufficient to satisfy § 32 of the contract as a matter of law in that none of the emails from plaintiff were designated as a notice of claim, contained all of the information required by § 32 of the contract in a single document, or expressed a clear intention by plaintiff to bring a claim against defendant (see Universal Constr. Resources, Inc. v New York City Hous. Auth., 176 AD3d 642, 643 [1st Dept 2019]; Hudson Ins. Co., Inc. v City of New York, 170 AD3d 622, 623 [1st Dept 2019]). Plaintiff's reservation of rights in the July 7, 2016 email was merely plaintiff's attempt to avoid a claim that it waived additional compensation by accepting the payment offered by defendant. Similarly, plaintiff's January 12, 2016 request for a change order with respect to its claim for additional compensation for temporary roofing was insufficient, as was its request that defendant reverse a credit it took regarding concrete roof patching, which defendant denied by a June 2, 2016 email, to which there was no response [*2]by plaintiff (see Start El., Inc. v New York City Hous. Auth., 106 AD3d 450, 450-451 [1st Dept 2013]).
Although defendant's motion was made before plaintiff had an opportunity to obtain discovery, denial of the motion was not warranted because plaintiff had in its possession any documents that it may have sent to defendant that it believed satisfied the notice of claim requirement. Plaintiff failed to produce any document that complied with section 32 of the contract with respect to any of its claims and a course of conduct between the parties, and defendant's actual knowledge of plaintiff's claims did not waive the notice requirement based on section 56 of the contract (see S.J. Fuel Co., Inc. v New York City Hous. Auth., 73 AD3d 413, 414 [1st Dept 2020]).
We have considered the remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021