Five Star Elec. Corp. v Silverite Constr. Co., Inc. (2023 NY Slip Op 05224)

Five Star Elec. Corp. v Silverite Constr. Co., Inc.

2023 NY Slip Op 05224

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 652495/20 Appeal No. 810 Case No. 2022-04840 

[*1]Five Star Electric Corp., Plaintiff-Appellant,
v
Silverite Construction Company, Inc., et al., Defendants-Respondents.

Arthur J. Semetis, P.C., New York (Michael J. McDermott of counsel), for appellant.
Cohen Seglias Pallas Greenhill & Furman PC, New York (Craig H. Parker of counsel), for respondents.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered September 23, 2022, which granted defendants' motion to dismiss the complaint to the extent of dismissing all claims except the portion of the breach of contract claim relating to funds that Silverite recovered from nonparty New York City School Construction Authority (SCA) on plaintiff's behalf, unanimously affirmed, with costs.
The court correctly determined that plaintiff's breach of contract claim, to the extent dismissed, was foreclosed by the no-damage-for-delay provision in the subcontract between plaintiff and defendant Silverite Construction Company, Inc. Contrary to plaintiff's contention, plaintiff is collaterally estopped from relitigating the enforceability of the no-damage-for-delay clause by the decision in Five Star Elec. Corp. v Silverite Constr. Co., Inc. (Sup Ct, NY County, July 30, 2020, Joel M. Cohen, J., Index No. 654461/2016). There, the court upheld the enforceability of the no-damage-for-delay clause in an identical contract between plaintiff and Silverite, thereby necessarily deciding the precise issue raised in this case (see Lindgren v New York City Hous. Auth., 269 AD2d 299, 301 [1st Dept 2000]).
Furthermore, here, plaintiff has not shown that an exception to the enforceability of the no-damage-for-delay clause applies (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]). The conclusory allegations in the complaint that merely recite the exceptions are insufficient to plead the exceptions (see WDF Inc. v Trustees of Columbia Univ. in the City of N.Y., 156 AD3d 530 [1st Dept 2017]), and the allegation that Silverite failed to take reasonable measures to coordinate plaintiff's work and address the delays on the project are insufficient to show bad faith, or willful, malicious, or grossly negligent conduct (see WDF, Inc. v Trustees of Columbia Univ. in the City of N.Y., 170 AD3d 518, 519 [1st Dept 2019]).
Given the unambiguous non-waiver clause in Section 15.3 of the subcontract, Silverite did not waive its right to enforce the no-damage-for-delay provision by submitting plaintiff's claims for delay damages to SCA as part of Silverite's settlement discussions with SCA (see Rosenzweig v Givens, 62 AD3d 1, 7 [2009], affd 13 NY3d 774 [2009]; International Installations v Panther Assoc., 191 AD2d 253 [1st Dept 1993]).
Plaintiff's claim for trust fund diversion under Lien Law § 72 was properly dismissed because the allegations that Silverite received and unlawfully diverted trust fund monies are made "upon information and belief" and are wholly conclusory (see Bd. of Mgrs. of the Gansevoort Condominium v 325 W. 13th, LLC, 121 AD3d 554, 554 [1st Dept 2014]). The unjust enrichment claim is precluded by the parties' subcontract (Clark-Fitzpatrick, Inc. v Long Is. R. Co., 70 NY2d 382, 388-389 [1987]; Norcast S.ar.l. v Castle Harlan, Inc., 147 AD3d 666, 668 [1st Dept 2017]). The conversion claim is duplicative of the breach of contract [*2]claim (see Kopel v Bandwidth Tech. Corp., 56 AD3d 320, 320 [1st Dept 2008]). Finally, since the no-damage-for-delay provision bars plaintiff from recovering the sought damages resulting from the delays, plaintiff has no claim against the surety defendants for payment under the bond (see Welsbach Elec. Corp. v Judlau Contr., Inc., 172 AD3d 585 [1st Dept 2019]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023