Tutor Perini Corp. v City of New York (2024 NY Slip Op 01263)

Tutor Perini Corp. v City of New York

2024 NY Slip Op 01263

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Mendez, Shulman, JJ. 

Index No. 651039/21 Appeal No. 1817 Case No. 2022-03857 

[*1]Tutor Perini Corporation, Plaintiff-Appellant,
v
City Of New York etc., et al., Defendants-Respondents.

Hinckley, Allen & Snyder LLP, Albany (Stephen D. Rosemarino of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 12, 2022, which denied plaintiff Tutor Perini Corporation's motion for summary judgment on its causes of action seeking a declaratory judgment that its contract with defendant New York City Department of Transportation (NYCDOT) requires defendant City, acting by and through NYCDOT and defendant New York City Comptroller's Office, to timely and reasonably address properly submitted claims for additional compensation and schedule adjustments due to delay, and instead declared that the contract does not require any of the defendants to issue a determination, settlement offer, or other response to plaintiff's delay notices, unanimously affirmed, without costs.
Supreme Court properly rejected plaintiff's position that the parties' contract requires defendants to respond to delay claims submitted by plaintiff pursuant to Article 11 of the contract. Article 11 imposes various obligations on plaintiff to preserve its delay-related claims. This "notice of claim requirement . . . is strictly enforced in order to avoid waste of public funds and protect the integrity of the bidding process" (APS Contrs., Inc. v New York City Hous. Auth., 193 AD3d 628, 629 [1st Dept 2021]).
Plaintiff identifies no specific language that expressly requires defendants to respond to delay claims. "[S]ilence does not equate to contractual ambiguity" (Greenfield v Philles Records, 98 NY2d 562, 573 [2002]). Plaintiff's contention that its interpretation of Article 11 is in harmony with other sections of the contract is unavailing as this Court will "not write into a contract conditions the parties did not include by adding or excising terms under the guise of construction" (Macy's Inc. v Martha Stewart Living Omnimedia, Inc., 127 AD3d 48, 54 [1st Dept 2015] [internal quotation marks omitted]).
Contrary to plaintiff's suggestion, plaintiff is not totally deprived of the benefit of the contract. Plaintiff's claim that Supreme Court sanctioned a contractual loophole by which defendants can prevent plaintiff from ever suing for delay damages by declining to consider delay claims is unavailing. Defendants assert that "[n]o provision in the contract states that [plaintiff] must wait to file delay claims until after review or rejection of those claims," and we decline to construe the contract as plaintiff does. Accordingly it is not the case that plaintiff is at the "complete mercy" of defendants.
Plaintiff does not claim that the contract is ambiguous, and an inquiry into commercial reasonableness is not warranted here (Fundamental Long Term Care Holdings, LLC v Cammeby's Funding LLC, 20 NY3d 438, 445 [2013]).
Because plaintiff has failed to demonstrate any express or implied right to review by defendants of plaintiff's delay claims, its arguments as to the implied covenant of good faith and fair dealing and the prevention doctrine fail (Cordero v Transamerica Annuity Serv. Corp., 39 NY3d 399, 410 [2023]).[*2]
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024