AWL Indus., Inc. v New York City Hous. Auth. (2025 NY Slip Op 02402)

AWL Indus., Inc. v New York City Hous. Auth.

2025 NY Slip Op 02402

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 655908/21|Appeal No. 4166|Case No. 2023-04698|

[*1]AWL Industries, Inc., Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.

David Rohde, New York City Housing Authority, New York (Amanda McLoughlin of counsel), for appellant.
Timothy B. Cummiskey, Brooklyn, for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about August 21, 2023, which, to the extent appealed from, denied so much of defendant's motion to dismiss plaintiff's causes of action for breach of contract (first cause of action), delay damages (second cause of action), and a declaration extending plaintiff's time to complete its work (fourth cause of action), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint in its entirety.
Supreme Court improvidently concluded that defendant's documentary evidence was not admissible for purposes of its motion. An attorney's affirmation "'may properly serve as the vehicle for the submission of acceptable attachments which provide evidentiary proof in admissible form, like documentary evidence,' so long as the [affirmation] 'constitute[s] a proper foundation for the admission of the records'" (Doe v Intercontinental Hotels Group, PLC, 193 AD3d 410, 411 [1st Dept 2021] [internal citation omitted]). The court was correct that defendant's attorney, in her affirmation, did not lay a foundation for the admission of the records, such as her personal knowledge or her certification of the documents as true and complete copies of the originals. However, plaintiff never objected to the admissibility of any of the documents annexed to the attorney's affirmation (see Guevara-Ayala v Trump Palace/Parc LLC, 205 AD3d 450, 451 [1st Dept 2022]) and relied on the same documents in opposition to defendant's motion (see Carey v Toy Indus. Assn. TM, Inc., 216 AD3d 404, 405 [1st Dept 2023]).
Plaintiff's first cause of action for breach of contract should have been dismissed based on documentary evidence because plaintiff failed to comply with the strict notice of claim provisions in its contract with defendant (see e.g. APS Contrs., Inc. v New York City Hous. Auth., 193 AD3d 628, 629 [1st Dept 2021]). Thus, defendant's "documentary evidence . . . conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 88 [1994]).
Plaintiff's second cause of action for delay damages also should have been dismissed because plaintiff, not defendant, bore the burden to plead in the complaint, or establish in opposition to defendant's motion, that one of the exceptions to the enforcement of a no-damages-for-delay clause established in Corinno Civetta Constr. Corp. v City of New York (67 NY2d 297, 309 [1986]) applies in this case (see WDF Inc. v Trustees of Columbia Univ. in the City of N.Y., 156 AD3d 530, 530 [1st Dept 2017]). Plaintiff failed to sustain that burden.
Finally, plaintiff's fourth cause of action for a declaration extending its time to complete its work is dismissed as abandoned because plaintiff neither opposed that part of defendant's motion in Supreme Court, nor defends that claim on appeal (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025